O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER PORTER,<br><br>               Plaintiff,<br><br>          vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>           Defendant.<br>_____ | ) Case No. CV 10-4955 RNB<br>)<br>)<br>) ORDER AFFIRMING DECISION OF<br>) COMMISSIONER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

//

//

//

_____

[1]     As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**A.** **Reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to make a proper adverse credibility determination (Disputed Issue No. 2).**

For the reasons stated by the Commissioner (see Jt Stip at 29-33), the Court finds and concludes that the ALJ did not err in her adverse credibility determination.

Under Ninth Circuit jurisprudence, the ALJ could properly rely on plaintiff's inconsistent statements about his level of pain (see AR 14-15), plaintiff's inconsistent statements about when he last worked doing construction or general labor jobs (see AR 15), and plaintiff's inconsistent statements about the efficacy of his treatment (see AR 16). See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (ALJ may properly rely on inconsistencies either in claimant's testimony or between claimant's testimony and claimant's conduct, claimant's daily activities, and claimant's work record); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on inconsistencies in the claimant's testimony); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (same). The ALJ also could properly rely on the lack of objective evidence to support claimant's subjective complaints (see AR 16). See, e.g., Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); Orteza, 50 F.3d at 750 (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985) (noting that "a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings"). The ALJ also could properly rely on the fact that plaintiff "consistently presents as alert and cognitively intact," which the ALJ found did "not comport with an individual who is so affected by symptoms to essentially be bedridden throughout the day" (see AR 15, 123). See Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (upholding

1  ALJ's adverse credibility determination where the claimant had alleged a limitation

2  "disparate from that observed by the consultative examiner").

3      Moreover, the ALJ also could properly rely on statements by plaintiff

4  evidencing a lack of motivation to work except in his chosen field of construction

5  (see AR 15).  See, e.g., Ostronski v. Chater, 94 F.3d 413, 419 (8th Cir. 1996); Miller

6  v. Astrue, 2009 WL 1563107, *11 (E.D. Wash. May 29, 2009); Prieto v. Astrue, 2008

7  WL 4196640, *3 (C.D. Cal. Sept. 3, 2008); Reyes v. Sullivan, 1991 WL 319031, *2

8  (C.D. Cal. Dec. 3, 1991).

9      An ALJ's assessment of pain severity and claimant credibility is entitled to

10  "great weight."  See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman

11  v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  Where the ALJ finds a claimant's

12  subjective complaints not credible, the ALJ must make specific findings which

13  support the conclusion.  See Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991);

14  Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988) (citations omitted).  As the

15  Ninth Circuit observed in Fair v. Bowen, 885 F.2d 597, 604, (9th Cir. 1989) "Where,

16  as here, the ALJ has made specific findings justifying a decision to disbelieve an

17  allegation of excess pain, and those findings are supported by substantial evidence

18  in the record, our role is not to second-guess that decision."  The Court finds that the

19  reasons given by the ALJ here were supported by substantial evidence in the record

20  and were sufficiently specific to permit the Court to conclude that the ALJ did not

21  arbitrarily discredit plaintiff's subjective symptom testimony.

22

23  **B.**    **Reversal is not warranted based on the ALJ's alleged failure to properly**

24        **consider the opinions of plaintiff's treating physician (Disputed Issue No.**

25        **1).**

26      Disputed Issue No. 1 is directed to the ALJ's rejection of the opinions of

27  plaintiff's treating physician, Dr. Lichtmann, rendered on August 15, 2008 and

28  January 13, 2009, assessing plaintiff's residual functional capacity ("RFC").  (See Jt

1  Stip at 3-17, citing AR 178, 226-33.)

2      The law is well established in this Circuit that a treating physician's opinions
3  are entitled to special weight because a treating physician is employed to cure and has
4  a greater opportunity to know and observe the patient as an individual.  See
5  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's
6  opinion is not, however, necessarily conclusive as to either a physical condition or the
7  ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.
8  1989).  The weight given a treating physician's opinion depends on whether it is
9  supported by sufficient medical data and is consistent with other evidence in the
10 record.  See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  If the treating physician's
11 opinion is uncontroverted by another doctor, it may be rejected only for "clear and
12 convincing" reasons.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter
13 v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991).  Where the treating physician's
14 opinion is controverted, it may be rejected only if the ALJ makes findings setting
15 forth specific and legitimate reasons that are based on the substantial evidence of
16 record.  See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating
17 physician's opinion on disability, even if controverted, can be rejected only with
18 specific and legitimate reasons supported by substantial evidence in the record.");
19 Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).[2]

20     Here, the opinion(s) of Dr. Lichtmann that plaintiff contends the ALJ erred in
21 failing to properly consider were controverted by other medical opinions of record,
22 including the opinion of the consultative examiner, Dr. Moore, whose opinion

23

24 _____

25     [2]    To the extent that the Commissioner appears to be questioning this
26 "judicially created standard" (see Jt Stip at 18-19), the Court notes that until such
27 time as either a Ninth Circuit en banc panel or the United States Supreme Court
   rejects the Ninth Circuit's "treating physician rule," this Court is compelled to follow
28 it.

assessing plaintiff's RFC was essentially adopted by the ALJ.[3]  (See AR 19, 22.)

In crediting Dr. Moore's assessment over Dr. Lichtmann's two assessments and the April 2008 and October 2008 assessments of another of plaintiff's treating physicians (Dr. Salem), the ALJ noted that Dr. Moore's assessment was the only one offered after plaintiff had surgery on November 11, 2008 for removal of hardware. (See AR 19.)  This statement is incorrect in that Dr. Lichtmann's second assessment was rendered after the November 11, 2008 surgery.  (See AR 178.)

However, the ALJ did proffer three other reasons for crediting Dr. Moore's assessment over Dr. Lichtmann's assessments that do constitute specific and legitimate reasons that are based on the substantial evidence of record.

First, consistent with the Commissioner's regulations, the ALJ noted that Dr. Lichtmann was a general practitioner, not a specialist in orthopedics or neurology (see AR 18.)  See 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5); see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996) ("[T]he opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist."); Lombardo v. Schweiker, 749 F.2d 565, 566 (9th Cir. 1984) (citing First Circuit case for proposition that "'[t]he medical opinion of specialists may be entitled to greater weight than that of general practitioners'").  By

---

[3]     The Court concurs with the Commissioner that, since Dr. Moore's opinion was based on his own independent clinical findings, Dr. Moore's opinion qualified as substantial evidence upon which the ALJ could properly rely. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion based on his own independent physical examination of the claimant constitutes substantial evidence on which the ALJ properly could rely); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict."); Magallanes, 881 F.2d at 751; Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

way of contrast to Dr. Lichtmann, Dr. Moore was a Board-certified neurologist. (See AR 125.)

Second, the ALJ noted that "Dr. Lichtmann's findings on examination are not particularly impressive," citing in particular the finding of well preserved lower extremity strength after the first surgery (see AR 18, 226). See, e.g., Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); Thomas, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Tonapetyan, 242 F.3d at 1149 ("When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings."); Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir. 1992) (affirming ALJ's rejection of opinions of treating physicians whose opinions were not supported by their clinical findings).

Third, the ALJ noted that "Dr. Lichtmann's assessment of pain level and functional limitations (including medication side effects) appears to accept the claimant's statements as to symptom severity," which the ALJ had properly discounted (see AR 18). See, e.g., Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible."); Morgan, 169 F.3d at 602 (holding that a treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997) (ALJ may legitimately accord less weight to, or reject, the opinion of a doctor based on the self reporting of an unreliable claimant where that claimant's complaints have been properly discounted).

1  The Court therefore finds and concludes that reversal is not warranted based
2  on the ALJ's alleged failure to properly consider Dr. Lichtmann's opinions.

3                          ********************

4      IT THEREFORE IS ORDERED that Judgment be entered affirming the
5  decision of the Commissioner and dismissing this action with prejudice.

6

7  DATED:  July 28, 2011

8

9                                 _____
10                                 ROBERT N. BLOCK
                                   UNITED STATES MAGISTRATE JUDGE
11